SULLIVAN, Justice,
dissenting.
I respectfully dissent. I believe that the trial court properly analyzed this case when it concluded that, at least by the conclusion of Dr. Chern's examination in October, 1999, Mr. Booth knew that his right eye suffered from a posterior vitreous detachment, retinal hemorrhages, and damage to the optic nerve as a result of interruption of the blood supply and that the damage and loss of vision was permanent. I believe, as did the trial court, that this knowledge constituted sufficient information to lead a reasonably diligent person to discover the alleged malpractice and resulting injury by October, 1999. This date fell within the two-year medical malpractice statute of limitations, rendering untimely Mr. Booth's medical malpractice complaint filed on July 24, 2001.
The Court says that it does not intend that the result of its opinion "necessarily" to be that the medical malpractice statute of limitations only begins to run when a medical expert informs the patient that the pain or symptoms are the product of a particular provider's medical negligence. But that is the result here. And why is an expert opinion required here? It appears to be because "Mr. Booth had already been suffering from cataracts and glaucoma before he first consulted the defendant physicians," that is, because he had a preexisting eye condition. If this is so, then it appears that an expert opinion is necessarily required whenever the alleged malpractice is associated with a pre-existing condition.
*1179 While not all medical treatment is associated with a pre-existing condition (eg., purely elective cosmetic surgery; routine scheduled physical examinations, etc.), the reason for most medical treatment is precisely because of some pre-existing condition. The result of the Court's opinion today seems to me to be that the medical malpractice statute of limitations is tolled whenever the alleged malpractice is associated with a pre-existing condition until the patient receives an expert opinion that the pain or symptoms are the product of a particular provider's medical negligence. I believe that this conflicts with the mandate of the Medical Malpractice Act.